PER CURIAM:
Claimants brought this action for vehicle damage which occurred as a result of their 2002 Chevrolet ZR2 striking rocks when claimant Connie Browning was traveling on Route 10 in Logan County. Route 10 is a road maintained by respondent in Logan County. The Court is of the opinion to make an award in this claim for the reasons more fully set forth below.
The incident giving rise to this claim occurred at approximately 11:50 a.m. on March 15,2004. Route 10 is a four-lane road at the location of claimant’s accident. Mrs. Browning testified that she was traveling in the right lane when rocks from the hillside adjacent to Route 10 fell onto her vehicle. Claimants’ vehicle was struck by the rocks and sustained damage to the passenger side totaling $977.00. Claimants’ insurance deductible was $500.00.
The position of the respondent was that it did not have notice of the rocks on Route 10. Curly Belcher, County Supervisor for respondent in Logan County, testified that this is an area that has rock falls occasionally but that there are no rock fall signs placed along the highway. Mr. Belcher testified that there is a three feet high barrier wall between the cliff and the road that is designed to catch rocks that come off the cliff, but that occasionally rocks will fall into the road. Respondent maintains that there was no prior notice of any rocks on Route 10 immediately prior to the incident in question.
It is a well-established principle that the State is neither an insurer nor a guarantor of the safety of motorists upon its highways. Adkins vs. Sims, 130 W.Va. 645, 46 S.E.2d 81 (1947). To hold respondent liable, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect at issue and a reasonable amount of time to take corrective action. Chapman vs. Dept. of Highways, 16 Ct. Cl. 103 (1986); Pritt vs. Dept. of Highways, 16 Ct. Cl. 8 (1985). In rock fall claims, this Court has held that the unexplained falling of a rock onto a highway without a positive showing that respondent knew or should have known of a dangerous condition posing injury to person or property is insufficient to justify an award. Cohurn vs. Dept. of Highways, 16 Ct. Cl. 68 (1985).
In the present claim, the Court is of the opinion that respondent had at least constructive, if not actual, notice of rock fall hazards in the area at issue. The area along this section of Route 10 is known to have rock falls which are a hazard to the traveling public. The respondent’s actions on the date of this incident were not adequate to protect the claimant from the rocks which frequently fall onto the highway. Thus, the Court is of the opinion that respondent is liable for the damages which flow *122 from its inadequate protection of the traveling public along this section of Route 10, and further, that respondent is liable for the damages to claimants’ vehicle in this claim. Thus, the Court is of the opinion to make an award in this claim in the amount of $500.00.
In accordance with the findings of fact and conclusions of law stated herein above, the Court is of the opinion to and does make an award to the claimants in the amount of $500.00.
Award of $500.00.